## WHEELER CHEMICAL WORKS
### v.
### EDWARD D. ALEXANDER, FOR USE, ETC.

*Master and Servant—Suit for Wages—Default—Motion to Set Aside—
Insufficient Bill of Exceptions.*

1.   Setting aside a default is a matter of discretion upon proper showing.
2.   A bill of exceptions not purporting to contain all the evidence heard
on a motion to set aside a default, is insufficient.
3.   In the case presented, the affidavits, on motion to set aside the default,
fail to show diligence or a sufficient defense to the plaintiff's claim.

[Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of Warren County; the
Hon. JOHN C. BAGBY, Judge, presiding.

Mr. HENRY M. PIERCE, for appellant.

Mr. I. M. KIRKPATRICK, for appellee.

C. B. SMITH, J.    This was assumpsit on the common counts
for work and labor, brought by appellee against appellant.
The suit was begun to the September term, 1888, of the War-
ren Circuit Court.    The summons was issued and properly
served on the 29th day of June, 1888.

Court met on the 16th day of September, and on that day
defendant made no appearance nor filed any plea, and, under
a record rule of court authorizing defaults on the first day of
court for want of appearance or plea, the defendant was
defaulted.    On the morning of the second day of the term
defendant appeared, by attorney, and gave the clerk a plea
and paid him $1.50 for appearance fee, but the clerk then
informed him of the default the day before.    Defendant then
entered a motion to set aside the default, and then advised the
court that C. G. Wheeler, the president of the company, had
charge of all the legal affairs of the defendant, and that he

had gone abroad to Europe on business in July and was going upon the continent, and had expected to return in time to appear and defend this suit, but that he had not yet returned and would not get back until about the 25th of September; and the attorney makes affidavit that he then understood the court to say that the motion might stand undisposed of until Wheeler returned. The attorney then withdrew his plea, as he claims, at the sugguestion of the court, until after the motion was disposed of; and he also went to the clerk and asked him to return his $1.50, which the clerk did; and thereupon the attorney for defendant went to Chicago, and paid no further attention to the motion until about the last of September, when he wrote the clerk asking when his motion could be heard and when court would adjourn. The clerk informed him, as the fact was, that on September 19th his motion to set aside the default had been overruled.

This motion was taken up by the court under a record rule of the court requiring motions to be heard the next day after they are made. The defendant again, by its attorney, appeared and moved the court to set aside the judgment, and filed three affidavits in support of his motion. The substance of all these affidavits was that the plaintiff was in the employ of defendant, selling its chemical goods, but that he did not attend to its business properly, and was intoxicated a good part of his time and neglected the interest of his employers; that C. G. Wheeler was the man who was familiar with this branch of its business and attended personally to all this kind of business; that on the 20th of July C. G. Wheeler, the president of the company, had gone to Europe, or the continent, on business, and had expected to be back in time to attend to this suit, but that he was delayed by reason of a failure to procure passage on a vessel returning in time, and that after he did start he was delayed on the high sea by unfavorable weather.

We do not think the affidavits show either diligence or a sufficient defense to the claim of plaintiff to justify the court in setting aside the default. Wheeler left for Europe on the 20th of July to travel on the continent, only fifty-five days before the convening of the court, leaving no orders or direc-

tions for the defense. He must have known that it would leave him short time for him to make that trip and return and transact any kind of business, and it was negligence in him not to have given the case his attention before leaving, or to have used the mail or telegraph in giving directions for its defense when he found he could not return in time to give it his personal attention.

Setting aside defaults is a matter of discretion in the court, upon proper showing. We do not think the court abused its discretion in refusing to set aside the default.

But there is another fatal trouble here. The bill of exceptions does not purport to contain all the evidence heard on the motion to set aside the default. Without this fact appearing, we are bound to presume the judgment of the court was correct.

*Judgment affirmed.*